UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D EMETRECE R. W ELCH #215959,

       Plaintiff,                                   Hon. Richard Alan Enslen

v.                                                           Case No. 1:07-cv-00741

C LIFFORD W. T AYLOR,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Certification of Action as a Class Action, (Dkt. #16), and Plaintiff's Motion to Compel Production of Discovery Materials, (Dkt. #38). Both motions were referred to the undersigned by the Honorable Richard Alan Enslen. As discussed herein, it is recommended that both of Plaintiff's motions be **denied**.

Plaintiff initiated this matter on July 31, 2007, against the Honorable Clifford W. Taylor, Chief Justice of the Michigan Supreme Court. Plaintiff alleges that as applied to him, Mich. Comp. Laws § 600.2963[1] is unconstitutional. Plaintiff now moves to have this matter certified as a class action. Plaintiff also seeks to compel Defendant's responses to various discovery requests.

To obtain certification of a proposed class, Plaintiff must satisfy the following requirements: (1) the class must be so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties

---

[1] This provision sets forth the circumstances in which an indigent prisoner may pursue a civil action in state court without first paying the requisite filing fee.

are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Even if Plaintiff could satisfy the first three requirements (which he has not accomplished), it is well recognized that pro se prisoners are not able to fairly represent a class of plaintiffs. *See Ziegler v. Michigan*, 90 Fed. Appx. 808, 810 (6th Cir., Jan. 23, 2004) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)); *Palasty v. Hawk*, 15 Fed. Appx. 197, 200 (6th Cir., June 20, 2001). The Court, therefore, should deny Plaintiff's motion to certify the present matter as a class action.

Plaintiff has submitted to Chief Justice Taylor numerous interrogatories and requests for production of documents. (Dkt. #39, Appendices C and D). Plaintiff is permitted to obtain discovery regarding "any nonprivileged matter that is relevant to [his] claim or defense." Fed. R. Civ. P. 26(b). In this context, "relevant" discovery includes evidence that would be admissible at trial as well as discovery that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Defendant has objected to Plaintiff's proposed interrogatories on the ground that "the information sought is not relevant and not reasonably calculated to lead to the discovery of admissible evidence." Plaintiff has sued Chief Justice Taylor in his official capacity, but nevertheless requests that Defendant supply him with a plethora of personal information which has absolutely no bearing on the claim asserted in this matter. To the extent that Plaintiff's interrogatories do not request personal information from Defendant they are nonetheless irrelevant to Plaintiff's claim.

Defendant has objected to Plaintiff's request for production of documents on the ground that such is "unduly burdensome, overbroad, not relevant, and not reasonably calculated to lead to the

discovery of admissible evidence." The only possible relevance of the documents Plaintiff seeks would be if this matter were a class action. As discussed above, however, class certification is not appropriate. Accordingly, Plaintiff's motion to compel should be denied.

For the reasons articulated herein, the undersigned recommends that both <u>Plaintiff's Motion for Certification of Action as a Class Action</u>, (Dkt. #16), and <u>Plaintiff's Motion to Compel Production of Discovery Materials</u>, (Dkt. #38), be **denied**.

Respectfully submitted,

Date: June 9, 2008
   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).