UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DEMETRECE R. WELCH,
#215959

          Plaintiff,

Case No. 1:07-cv-741

v.

Hon. Richard Alan Enslen

CLIFFORD W. TAYLOR,

**ORDER**

          Defendant.
_____/

      This matter is before the Court on Plaintiff Demetrece R. Welch Sr.'s *pro se* Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of June 9, 2008, which recommended denying Plaintiff's Motion for Certification of Action as a Class Action and Plaintiff's Motion to Compel Production of Discovery Materials. The Court reads Plaintiff's *pro se* Objections indulgently. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

      Pursuant to 28 U.S.C. § 636(b)(1)(A), the review of a magistrate judge's pretrial orders is limited to whether the orders are "clearly erroneous or contrary to law." *See United States v. Raddatz,* 447 U.S. 667, 673 (1980); *Flournoy v. Marshall*, 842 F.2d 875, 876–77 (6th Cir. 1988). This standard is necessarily deferential; it does not permit reversal unless the reviewing court is left with the definite and firm conviction that an error has been made. *See United States v. Kellams,* 26 F.3d 646, 648 (6th Cir. 1994) (citing *Anderson v. Bessemer City,* 470 U.S. 564, 573–74 (1985)); *Chakales v. Comm'r of Internal Revenue,* 79 F.3d 726, 728 (8th Cir. 1996).

      Plaintiff first argues the Magistrate Judge failed to analyze the requirements for certification of a class action under Federal Rule of Civil Procedure 23(a). Plaintiff is mistaken. The Magistrate Judge clearly considered said requirements but was cognizant that

> [e]ven if Plaintiff could satisfy the first three requirements . . . it is well recognized that pro se prisoners are not able to fairly represent a class of plaintiffs. *See Ziegler v. Michigan*, 90 Fed. Appx. 808, 810 (6th Cir., Jan. 23, 2004) (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)); *Palasty v. Hawk*, 15 Fed. Appx. 197, 200 (6th Cir., June 20, 2001).

(Rep. & Rec. 2.) Plaintiff next asks the Court to overturn the cases cited in the Report, as well as the numerous other decisions of federal district courts and courts of appeal that prohibit *pro se* litigants from representing a class of plaintiffs. Plaintiff argues that changing the law is necessary because of "a more informed and intelligent populous." (Obj. 5.) Not only is such a change imprudent, Plaintiff's request is better directed to the Sixth Circuit Court of Appeals or the Supreme Court of the United States. Accordingly, Plaintiff's Objection is denied.

Plaintiff's final Objection concerns his Motion to Compel Production of Discovery Materials. Plaintiff argues the information at issue is relevant and that the Magistrate Judge improperly characterized it as irrelevant. The Court adopts the reasoning in the Report and denies Plaintiff's Objection. Accordingly, the Court finds that the Report is not clearly erroneous or contrary to law.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Demetrece R. Welch Sr.'s Objections (Dkt. No. 45) are **DENIED**, the Report and Recommendation (Dkt. No. 44) is **ADOPTED**, Plaintiff's Motion for Certification of Action as a Class Action (Dkt. No. 16) is **DENIED**, and Plaintiff's Motion to Compel Production of Discovery Materials (Dkt. No. 38) is **DENIED**.

DATED in Kalamazoo, MI:  
    July 10, 2008

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE