UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRECE R. WELCH,
        Plaintiff,

                              No. 1:07-cv-741

-v-

                              HONORABLE PAUL L. MALONEY

CLIFFORD TAYLOR,
        Defendant.

OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

      This matter comes before the Court on cross motions for summary judgment. Plaintiff Welch, a prisoner under the control of the Michigan Department of Corrections (MDOC), sued Defendant Clifford Taylor, then Chief Justice of the Michigan Supreme Court, in his official capacity. Defendant Taylor filed a motion (Dkt. No. 61) for summary judgment. Plaintiff Welch filed a cross motion (Dkt. No. 64) for summary judgment. Having read the motions, briefs, supporting documents and relevant legal authority, oral argument is not necessary to resolve the contested issues. *See* W.D. MICH. L.CIV.R. 7.2(d).

I. FACTUAL BACKGROUND

      Plaintiff Welch was convicted on drug related charges and was sent to prison in 1997. (Defendant's Exhibit 2 - Welch Deposition at 4.) Plaintiff was paroled in 2004. (*Id.* at 5.) In 2006, as the result of a domestic dispute during which Plaintiff's wife, Meesha, shot him, Plaintiff was charged with a misdemeanor.[1] (*Id.* at 5-6.) Although the misdemeanor charge was eventually

---

[1] One of the condition's of Plaintiff's parole was that he have no contact with Meesha Welch and must not be within 500 feet of her residence, school or place of employment. (Defendant's Exhibit 4 - Order Affirming Revocation at 2.)

dropped, Plaintiff was also charged with parole violations.[2] (*Id.* at 10.) After a hearing on the parole violations, Plaintiff's parole was revoked. (*Id.* at 12.)

On September 18, 2006, Plaintiff filed, in Ingham County Circuit Court, a petition for judicial review of the Parole Board's decision to revoke his parole. (Compl. ¶ 13.) Plaintiff also filed a request for indigent status and requested the court waive his filing fees. (*Id.* ¶ 14.) On September 29, 2006, the court ordered Plaintiff to pay $19.50 of the $150.00 filing fee, and further ordered the MDOC to retain 50% of future deposits into Plaintiff's prisoner account until the remaining $130.50 was paid. (Defendant's Exhibit 3 - Fee Order.) On January 9, 2008, the court issued an opinion and order affirming the Parole Board's decision to revoke Plaintiff's parole. (Defendant's Exhibit 4 - Order Affirming Revocation.)

Rather than appealing the circuit court's decision, Plaintiff Welch filed this complaint in federal court. Plaintiff's complaint alleges a claim under 42 U.S.C. § 1983 for a violation of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. More specifically, Plaintiff's claim is an as-applied challenge to the constitutionality of subsection (8) of Michigan's filing fee statute, MCL § 600.2963.[3] Essentially, Plaintiff alleges he will be denied access to the courts because any appeal, or other civil suit, would be rejected on the basis that he has not paid the amount owed on the filing fee related to the review of the Parole Board's decision. Pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, and Rule 57 of the Federal Rules of

---

[2] Plaintiff was ultimately charged with six violations of his parole. (Order Affirming Revocation at 2-3.)

[3] The Honorable Richard A. Enslen, then presiding over this action, issued an order denying Defendant's motion for a more definitive statement, and finding that the complaint challenges the Michigan statute "as applied." (Dkt. No. 14 - 1/9/2008 Order.)

Civil Procedure, Plaintiff seeks a declaration that Defendant Taylor has acted in violation of the United States Constitution (Compl. ¶ 36) and a declaration that subsection (8) of the state statute violates the United States Constitution (Compl. ¶ 37).

## II.  LEGAL FRAMEWORK

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008).  The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out the absence of evidence to support the nonmoving party's case.  *Bennett v City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The facts, and the inferences drawn from them, must be viewed in a light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (quoting *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  Once the moving party has carried its burden, the nonmoving party must set forth specific facts showing there is a genuine issue for trial.  FED. R. CIV. P. 56(e); *Matsushita*, 475 U.S. at 574.  The question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-252.

## III.  ANALYSIS

The statute at issue, MCL § 600.2963, includes several subsections.  Subsection (1) states the statute applies to prisoners under the jurisdiction of the MDOC who are filing civil actions or appeals of civil actions and who are indigent.  MCL § 600.2963(1).  Under subsection (3), when the

prisoner's institutional account contains less than the full amount of the filing fee, the court shall require the prisoner to pay an initial partial filing fee as determined by formula.  MCL § 600.2963(3).  Subsection (7) of the statute contains a "safety-valve" and states "this section shall not prohibit a prisoner from commencing a civil action or filing an appeal in a civil action if the prisoner has no assets and no means by which to pay the initial partial filing fee."  MCL § 600.2963(7).  Subsection (8), the provision at issue in Plaintiff's suit, states "a prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid."  MCL § 600.2963(8).

The Michigan Supreme Court interpreted subsection (8) of the statute as authorizing courts to dismiss appeals in civil suits when the prisoner has not fully paid the filing fee from a prior case. *Keenan v. Dep't of Corrections*, 644 N.W.2d 756, 757 (Mich. 2002). Several judges have expressed concern about the constitutionality of situations where indigent prisoners in Michigan are subjected to the dismissal of a lawsuit due to deficient funds.  *See Bridges v. Collette,* No. 5:06-cv-46, 2008 WL 53771 * 3 n.3 (W.D. Mich. Jan. 2, 2008) (Enslen*,* J.); *Coleman v. Granholm*, No. 06-12485, 2008 WL 4584934 *6 n. 6 (E.D. Mich. Oct. 14, 2008) (Duggan, J.) (citing positively Judge Enslen's comment in *Bridges*); *Askew v. Dep't of Corrections*, 757 N.W.2d 117 (Mich. 2008) (Kelly, J. *dissenting*) (dissenting from an order denying application for leave to appeal and citing positively Judge Enslen's comment in *Bridges*).  Nevertheless, actions alleging the Michigan Supreme Court's interpretation of MCL § 600.2963(8) is unconstitutional have routinely been dismissed, typically without reaching the merits of the constitutional claim.  *See e.g., Lynch-Bey v. Wolfenbarger*, No. 07-cv-14666, 2009 WL 1505537 (E.D. Mich. May 27, 2009) (Hood, J.) (dismissing a habeas petition filed by a state prisoner whose appeal in state court was dismissed on the basis that he had not paid

the balance of the filing fee for an appeal in a different civil suit and holding the prisoner was no longer "in custody" for the reasons which formed the basis of his habeas petition and therefore the court lacked jurisdiction). Where prisoners filed as-applied challenges to the state appellate courts' dismissal of their appeals, federal courts have dismissed the suits on the basis of the *Rooker-Feldman* doctrine. *Nali v. Whitbeck*, No. 1:07-cv-544, 2008 WL 5381818 * 5 (W.D. Mich. Dec. 22, 2008) (Jonker, J.); *Bridges*, 2008 WL 53771. *See Howard v. Whitbeck*, 382 F.3d 633, 641 (6th Cir. 2004) (*Howard II*) (holding any as-applied challenge to the state court's decision was properly dismissed under the *Rooker-Feldman* doctrine, but reversing and remanding the action for consideration of the prisoner's general challenge to the constitutionality of the statute).[4] A prisoner whose parole has been revoked cannot challenge the constitutionality of the statute through a habeas petition. *See Ward v. Howes*, No. 4:06-cv-127, 2007 WL 172515 * 1 (W.D. Mich. Jan. 19, 2007) (Quist, J.) (dismissing the habeas petition because the challenge to the statute's constitutionality had nothing to do with the prisoner's confinement and, even if successful, would not lead to the reinstatement of his parole or his release from custody).

Plaintiff Welsh did not file an appeal of the decision by the Ingham County Circuit Court, which upheld the revocation of his parole. Thus, Plaintiff's action here is not in the same factual position as the plaintiffs in *Nali*, *Bridges*, and *Howard*. Neither is Plaintiff's situation the same as the plaintiff in *Ward* as Plaintiff has not filed a habeas petition. Plaintiff asserts, because he has not paid the filing fee for his circuit court case in its entirety, any appeal, including a state habeas corpus

---

[4]After remand, the district court found the plaintiff's claim for denial of access to the court could not be maintained as a facial challenge to the statute. *See Howard v. Whitbeck*, 212 F.App'x 421, 423 (6th Cir. 2007) (*Howard III*). On appeal, the circuit court vacated the district court's decision on the basis that the prisoner had been paroled and the issue had become moot. *Id.* at 423-426.

action, would be summarily dismissed under the holding in *Keenan*. (Compl. ¶ 27.)

    A.  Defendant's Motion for Summary Judgment (Dkt. No. 61)

Defendant Taylor argues Plaintiff's action should be dismissed for two reasons. First, Plaintiff lacks standing. Second, Plaintiff cannot establish any deprivation of due process. As explained below, Defendant is entitled to summary judgment.

Plaintiff lacks standing to maintain this action. To have standing to bring suit, a plaintiff must establish he or she has an injury that is concrete, particularized, and actual or imminent, the injury is fairly traceable to an act of the defendant, and it is likely that the injury will be redressed by a favorable decision. *Davis v. FEC*, ___ U.S. ___, 128 S.Ct. 2759, 2768 (2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)); *Fieger v. Michigan Supreme Court*, 553 F.3d 955, 962 (6th Cir. 2009) (citing *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006)). The party bringing the suit in federal court bears the burden of establishing standing. *Id.* (citing *Rosen v. Tenn. Comm'r of Fin. & Admin.,* 288 F.3d 918, 927 (6th Cir. 2002)).

The Declaratory Judgment Act, provides a mechanism for plaintiffs to request pre-enforcement review of a statute. *Nat'l Rifle Assoc. of America v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997). Even though a plaintiff seeking a declaratory judgment may not have yet suffered an injury in fact, he or she must still make a showing of an actual present harm or a significant possibility of a future harm in order to establish the need for pre-enforcement review. *Id.* In order to find a plaintiff has standing when he or she requests pre-enforcement review under the Declaratory Judgment Act, the court must determine "whether the parties have 'adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment' even though the injury-in-fact has not yet been completed." *Id.* at 280 (quoting *Golden v. Zwicker*, 394

U.S. 103, 108 (1969) and *Michigan State Chamber of Commerce v. Austin*, 788 F.2d 1179, 1181 (6th Cir. 1986)).

Plaintiff has not established an injury in fact.  Plaintiff never filed an appeal of the circuit court's decision upholding the revocation of his parole.  Plaintiff's suspicion that any appeal would be dismissed does not establish an "imminent injury," but rather a speculative one.[5]  *See Howard v. Whitbeck*, No. 5:02-cv-93 at 16  (W.D. Mich. Mar. 19, 2003) (Miles, J.) (*Howard I*) (holding the plaintiff cannot meet the injury in fact element of standing to allege an as applied challenge to the constitutionality of MCL § 600.2963(8) because the plaintiff never filed appeal or other claim and any possibility that the statute might be applied to him was mere speculation and noting the

---

[5]Based upon recent orders issued by the Michigan Court of Appeals and the Michigan Supreme Court, a prisoner's appeal is not always dismissed outright on the basis of outstanding filing fees.  *See Seaton v. Dep't of Corrections*, ___ N.W.2d ___, 2009 WL 1616680 (Mich. June 9, 2009) (order denying motion to waive fees under MCL § 600.2963 and imposing an initial partial filing fee of $1.00); *McGore v. Dep't of Corrections*, 764 N.W.2d 789 (Mich. May 14, 2009) (order denying motion to waive fees under MCL § 600.2963 and imposing no initial filing fee); *Smith v. Dep't of Corrections*, 764 N.W.2d 568 (Mich. May 5, 2009) (order denying motion to waive fees under MCL § 600.2963 and imposing an initial partial filing fee of $12.00); *In re Hawkins*, 763 N.W.2d 919 (Mich. Apr. 23, 2009) (order denying motion to waive fees under MCL § 600.2963 and imposing an initial partial filing fee of $8.00); *La Pine v. Dep't of Corrections*, 759 N.W.2d 370 (Mich. Jan. 26, 2009) (order denying motion to waive fees under MCL § 600.2963 and imposing an initial partial filing fee of $44.00).  The Michigan Court of Appeals, in each of these cases, had already denied the prisoner-appellant's motion to waive fees under the same statute.  *See Seaton v. Dep't of Corrections*, No. 289166 (Mich. Ct. App. Jan. 9, 2009 (order denying motion to waive fees under MCL § 600.2963 and imposing no initial filing fee); *McGore v. Dep't of Corrections*, No. 290565 (Mich. Ct. App. Mar. 9, 2009) (order denying motion to waive fees under MCL § 600.2963 and imposing an initial filing fee of $1.00); *Smith v. Dep't of Corrections*, No. 289392 (Mich. Ct. App. Jan. 20, 2009) (order denying motion to waive fees under MCL § 600.2963 and imposing an initial partial filing fee of $10.00); *In re Hawkins*, No. 289953 (Mich. Ct. App. Feb. 5, 2009) (order denying motion to waive fees under MCL § 600.2963 and imposing an initial partial filing fee of $9.00); *LaPine v. Dep't of Corrections*, No. 288393) (order denying motion to waive fees under MCL § 600.2963 and imposing an initial partial filing fee of $37.00).

Michigan Supreme Court imposed only a partial filing fee on the plaintiff).[6] Similarly, Plaintiff's suspicion that his state habeas petition or some other future lawsuit might be dismissed is not an actual injury, but a speculative one. *See Howard I*, No. 5:02-cv-93 at 17 (holding the plaintiff could not satisfy the injury in fact element of standing by alleging some future action might be dismissed); *Palmer v. Michigan Supreme Court*, No. 2:01-cv-72126, (E.D. Mich. Apr. 22, 2002) (Steeh, J.) (involving a plaintiff seeking a declaratory judgment and holding the plaintiff could not establish standing to assert an as applied challenge to the constitutionality of MCL § 600.2963(8) where the plaintiff alleged he was preparing to file a civil action and alleged the state court had threatened to dismiss the new civil action unless the old filing fee was paid).

Plaintiff's documentary evidence does not present sufficient evidence to establish standing. First, Plaintiff presents an affidavit from Mr. Eddie Lee Thompson. (Exhibit 2 to Plaintiff's Brief in Support - Thompson Affidavit.) Mr. Thompson, another prisoner under the control of the MDOC, avers he has an outstanding unpaid balance from a prior case where he paid partial filing fees for his appeals to the Michigan Court of Appeals and the Michigan Supreme Court. (*Id.* ¶¶ 1-4.) Mr. Thompson further avers the Michigan Court of Appeal and the Michigan Supreme Court have dismissed his appeals in other civil cases because he has an outstanding unpaid balance. (*Id.* ¶¶ 5-6, 9, 11.) Mr. Thompson's experiences do not establish that Plaintiff would be unable to file a notice of appeal in Plaintiff's suit, a habeas petition in state court, or any other suit in state court. Assuming Mr. Thompson's allegations to be true, Michigan courts have not prevented Mr. Thompson from filing suit at all, rather the state appellate courts have restricted only Mr.

---

[6]This holding of the district court order was not appealed. *See Howard II*, 382 F.3d at 640.

Thompson's appeals in suits unrelated to his criminal conviction.

Plaintiff avers he intends to file a state habeas petition, rather than appeal the decision of the circuit court, in order to take advantage of a different standard of review. (Exhibit 3 to Plaintiff's Brief in Support - Welch Affidavit ¶ 5.) Plaintiff avers the manner in which the filing fee statute is applied will prevent him from filing his habeas petition. (*Id.* ¶ 6.) Plaintiff has offered no evidence that any state habeas suit has ever been dismissed on the basis of an unpaid balance from a different suit. Plaintiff's speculation here does not arise to the level of an actual injury. In addition, Plaintiff avers "the statute has prevented me from, just recently (October 2008), filing a civil suit in Michigan regarding a recently enacted senate bill that unconstitutionally applies a tax to my prison store purchases." (*Id.* ¶ 7.) Again, Plaintiff has offered no evidence that his suit was rejected by any court in Michigan on the basis of his outstanding unpaid balance. Plaintiff's speculation that he would not be able to file the suit does not transform his belief into an actual injury.

Because Plaintiff cannot establish standing, it is unnecessary to determine whether he has established any deprivation of due process. That said, Defendant's position on the merits of Plaintiff's claim deserve comment. Defendant addresses this issue from the perspective of Plaintiff's direct appeal of the decision upholding the revocation of his parole. Plaintiff asserts a more general claim, that his unpaid balance on the filing fee restricts his ability to file a state habeas claim, other suits, or appeals in other suits. Plaintiff's claim, therefore, asserts a denial of a general right to access the courts. Thus, even if Defendant is correct that Plaintiff has not been deprived a due process with regard to his parole revocation, Defendant does not address Plaintiff's claim that he might be denied his right to file a habeas petition or a civil suit in state court. *See Nali*, 2008 WL 5381818 *1 (noting a prisoner's constitutional right to access the courts is limited to direct appeals,

9

habeas petitions and certain civil right actions under section 1983 and citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

B.  Plaintiff's Cross Motion for Summary Judgment (Dkt. No. 64)

Having concluded Plaintiff has not established standing, this Court need not address Plaintiff's cross motion for summary judgment.

IV.  CONCLUSION

Plaintiff has not established he has standing to challenge the Michigan filing fee statute. From the record presented, Plaintiff has not established any injury in fact.  Plaintiff opted not to file a direct appeal.  Plaintiff has not filed any other civil suit or appeal at all.  Therefore, Plaintiff has never had the statute he challenges applied to him.  Plaintiff has offered no evidence that any state habeas petition has ever been rejected on the basis of subsection (8).

ORDER

For the reasons provided in the accompanying opinion, Defendant Taylor's motion (Dkt. No. 61) for summary judgment is **GRANTED** and Plaintiff Welch's motion (Dkt. No. 64) for summary judgment is **DENIED.  IT IS SO ORDERED.**

Date:   June 30, 2009                          /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          Chief United States District Judge