UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRECE R. WELCH,
        Plaintiff,

                                                                                                             No. 1:07-cv-741

-v-

                                                                                          HONORABLE PAUL L. MALONEY

CLIFFORD TAYLOR,
       Defendant.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff Welch's motion (Dkt. No. 75) for reconsideration. Plaintiff, a prisoner under the control of the Michigan Department of Corrections, filed an as-applied challenge to the constitutionality of MCL § 600.2963(8). On June 30, 2009, this Court issued an opinion and order granting Defendant Taylor's motion for summary judgment and denying Plaintiff's motion for summary judgment. The Court found Plaintiff lacked standing. Plaintiff now moves for reconsideration.

Under the Local Rule of Civil Procedure for the Western District of Michigan, a court may grant a motion for reconsideration when the moving party demonstrates both a "palpable defect" by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. MICH. L. R. CIV. P. 7.4(a). A motion for reconsideration will be denied where the issues raised by the moving party have already been raised and ruled upon by the court, either expressly or by reasonable implication. *Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). Parties may also rely on Fed. R. Civ. P. 59(e), authorizing a motion to alter or amend judgment, when asking for reconsideration. *See Greenwell v. Parsley*, 541 F.3d 401, 403 (6th Cir. 2008); *Howard v. United States*, 533 F.3d 472,

475 (6th Cir. 2008). Under Rule 59(e), a court may grant a motion to alter or amend the judgment only if (1) there is a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Plaintiff explains, as the result of this Court's conclusion that he lacks standing, he is placed in a precarious legal catch-22. If his state court action is dismissed under MCL 600.2963(8), federal district courts will dismiss any suit challenging the dismissal under the *Rooker-Feldman* doctrine. On the other hand, as this Court already concluded, because he has not filed an appeal or any other civil suit, he does not have standing to make an as-applied challenge to the potential application of MCL § 600.2963(8) to him. Plaintiff asserts his situation constitutes the sort of manifest injustice that may be corrected under Rule 59(e). Plaintiff argues he has standing to challenge the Michigan statute because he has established the significant possibility of a future harm. Plaintiff has not alleged any newly discovered evidence or any intervening change in the law.

Plaintiff has not established the need for this Court to reconsider its earlier judgment. Before a court may consider the merits of a complaint, it must determine whether the party has standing to bring the complaint. *Massachusetts v. EPA*, 549 U.S. 497, 517-518 (2007). Plaintiff has not established any error of law or palpable defect in this Court's earlier determination that he cannot establish an actual, imminent and concrete harm. The authority cited by Plaintiff, *Carney v. Christiansen*, 42 F.Supp.2d 841 (W.D. Mich. 2006) (Quist, J.) does not alter the outcome. The plaintiff in *Carney* had two civil suits dismissed under the challenged statute. *Carney* supports the proposition that Michigan courts enforce the challenged statute when individuals to which the statute applies file new civil actions. *Carney*, however, does not support the proposition that Plaintiff's

2

potential state habeas action would be dismissed. Nor does *Carney* support that proposition that Plaintiff will suffer some unknowable and unforseeable future harm for which he will need to file a suit in state court.

The resulting legal catch-22, as Plaintiff phrases his situation, does not constitute manifest injustice. After pursuing appeals through the state court system, Plaintiff does have the ability to petition the United State Supreme Court where the constitutionality of the state statute is drawn into question. *See* 28 U.S.C. § 1257.

For these reasons, Plaintiff's motion (Dkt. No. 75) for reconsideration is **DENIED. IT IS SO ORDERED.**


Date:  July 21, 2009   /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge